**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VICTOR ROMERO-GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF DIAMONDBACK CORRECTIONAL FACILITY, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-2368-SLP |

**<u>O R D E R</u>**

Petitioner, Victor Romero-Gutierrez, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. At the time the Petition was filed, Petitioner was an immigration detainee at Diamondback Correctional Facility in Watonga, Oklahoma. Petitioner asserts in the Petition that he was unlawfully arrested without a warrant by immigration officials in violation of 8 U.S.C. § 1226(a) and 8 U.S.C. § 1357(a)(2). As relief, Petitioner seeks release from custody.

On October 29, 2026, Respondents filed an Updated Notice of Voluntary Departure [Doc. No. 16] which indicated that an immigration judge granted Petitioner a request to voluntary depart the country in lieu of removal and that Petitioner subsequently departed the United States on October 24, 2026. *See id.*

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir. 1996); *see also Alvarez v. Smith*, 558 U.S. 87

(2009). At all stages of the case, the parties must have a "'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). In other words, the petitioner must have suffered an actual injury that is traceable to the respondent and can be redressed by a favorable decision. *Spencer*, 523 U.S. at 7. Where the petitioner has been released from custody, their habeas claim is moot and should be dismissed, unless an exception to the mootness doctrine applies. *See Riley v. I.N.S.*, 310 F.3d 1253, 1256–57 (10th Cir. 2002).

Because Petitioner is no longer in the custody of United States Immigration and Customs Enforcement, the requested relief is no longer available and cannot be redressed by a decision of this Court.[1] *See Sule v. I.N.S.*, 189 F.3d 478, at *1 (10th Cir. 1999) (unpublished table decision); *see also United States v. Quezada-Enriquez*, 567 F.3d 1228, 1231 (10th Cir. 2009) ("Once it becomes impossible for a court to grant effectual relief, a live controversy does not exist, and a case is moot.") (citation omitted). Furthermore, the Court does not find that any of the exceptions to the mootness doctrine apply.[2] Accordingly, the Court finds that the case should be dismissed without prejudice as moot.[3]

---

[1] A declaration as to the lawfulness of Petitioner's detention prior to removal would be an impermissible advisory opinion. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006).

[2] In particular, there exists no "secondary or collateral consequences [which] survive his deportation." *Ferry*, 457 F.3d at 1132.

[3] On September 25, 2026, Respondents filed a Motion to Dismiss the Petition [Doc. No. 12], asserting that the Petition was subject to dismissal as the Petition was an "abuse of the writ" and that Petitioner's warrantless arrest claim failed as a warrant was issued to Petitioner prior to his arrest. *See* Mot. [Doc. No. 12] at 3-5. Petitioner did not file a response to the Motion to Dismiss nor seek an extension of time to do so. The Court finds that Petitioner effectively confessed such issues by failing to respond to Respondents' Motion to Dismiss and thus the Petition would also be subject to dismissal on such basis. *See*, *e.g.*, LCvR 7.1(g).

IT IS THEREFORE ORDERED that the Court hereby VACATES its September 8, 2026 Order [Doc. No. 7] referring the matter to Magistrate Judge Suzanne Mitchell. The referral is TERMINATED.

IT IS FURTHER ORDERED that the Petition [Doc. No. 1] is DENIED as MOOT, and the matter is DISMISSED WITHOUT PREJUDICE.

A separate judgment shall be entered.

IT IS SO ORDERED this 5th day of November, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**